STATE, PLAINTIFF, *v.* COOPER, DEFENDANT.

Municipal Court, Bellefontaine.

No. 18634.   Decided October 25, 1963.

BECK, J.   This cause came on for hearing upon Stipulation of parties and Motion of defendant to suppress evidence.   The Stipulation and Motion are as follows:

## STIPULATION

"It is mutually agreed by James K. Robinson, Police Prosecutor, and Attorney Robert R. Kerns, representing the defendant, Lon Cooper, the following agreed statement of facts be submitted to this Court for a determination.

"That the defendant is charged with a violation of Section 4301.58 B, Revised Code, in that he did have in his possession for sale intoxicating liquor, to-wit: malt liquor, and that the defendant, Lon Cooper, is Commodore of the Indian Lake Yacht Club. That the incident did take place on the 18th day of August, 1963, in Logan County, Ohio; that the Indian Lake Yacht Club had no liquor permit of any kind issued by the State of Ohio.

"That if called to testify, William A. Galayda, Joseph Gilmore, John Rowe, and Nick Ragus would state substantially as follows: that in response to telephone complaints concerning illegal sales of malt liquor by the said Indian Lake Yacht Club, they proceeded from the Dayton Office of the Ohio Department of Liquor Control, to premises occupied by the Indian Lake Yacht Club at around 11:20 P. M. [sic] August 18, 1963; that said premises constitute an Island accessible only by water and a wooden foot bridge; that said bridge had a gate with a sign attached stating 'members only,' that there was no lock or latch on said gate; that said agents of the Liquor Department had no warrant to search premises at said time; that all or some of said Agents entered upon the premises, crossing said foot bridge and passing through said gate.

"That in or near a small building on said Island, said Agents found a cooler operated by a coin meter device; that one or more of said Agents placed a twenty-five cent coin in said meter device and obtained one or more bottles of malt liquor therefrom; that said Agents observed the cooler for approximately ninety minutes, during which time other persons obtained malt liquor from said cooler by insertion of coins; that during said observation period, substantially all of those members of the Indian Lake Yacht Club at Indian Lake, this particular date, were boating upon the Lake and not present at the premises; that the patrons operating said vending machine were wives and guests of members; that the defendant appeared to have the Club House duty.

"At approximately 1:00 P. M., Agent Galayda identified himself to the defendant; that at this time, Lowell Murr identified himself to the Agents as a member of the Yacht Club and an Attorney, informing the Agents that they were trespassers, that the Club, was a private Club, and requesting the Agents to leave the premises; that the Agents were not asked to leave said Island until after they had identified themselves, and after advising the defendant of said violation.

"That the first complaint received by the Department of Liquor Control was on the Wednesday immediately preceding the Sunday when said arrest was made."

MOTION

"Now comes the Defendant by his Attorneys and moves the Court to suppress any and all evidence in the above styled case offered by the State of Ohio for the reason that said evidence was unlawfully obtained under the Fourth Amendment to the Constitution of the United States, made applicable to State action by the Fourteenth Amendment to the Constitution of the United States and extended to evidence tendered in a State Court by State law officers by the case of *Mapp* v. *Ohio*, 367 U. S., 643.

LON COOPER
By /s/ Smith, Kerns & Heydinger
His Attorneys"

It is the opinion of the Court that the motion of the defendant is well taken and ought to be sustained. The facts as stipulated indicate that the prosecuting witnesses entered upon the named premises as trespassers and as such trespassers would not be competent to testify against the defendant. Section 4301.66, Revised Code, would subject a permit holder to searches and seizures by virtue of his consenting to submission to all provisions of the Liquor Control law, Section 4301.01 et seq., Revised Code  However, this defendant, not having obtained a liquor permit of any kind, issued by the State of Ohio, has never consented to searches of the premises where the incident is alleged to have happened, and therefore is protected by the rule made applicable to the State of Ohio by the United States Supreme Court in the *Mapp case* (86 Ohio Law Abs., 513), above cited.

Counsel for defendant will prepare an appropriate Journal Entry.